# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 4 O'clock & 00 min P M
Date 12-15-04
MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| BARTLEY F. PORTWOOD, SR. ) | |
| ) | Number 04-41671 |
| *Debtor* ) | |

## MEMORANDUM AND ORDER

Bartley F. Portwood, Sr. ("Debtor") filed the current Chapter 13 bankruptcy petition on May 28, 2004. A hearing on the dismissal of Debtor's case was held on September 21, 2004. On September 29, 2004, I issued an Order Dismissing Chapter 13 Case with Prejudice Before Confirmation which barred Debtor from refiling a bankruptcy petition for 180 days. However, I reserved the right to enter an Order creating a further injunction against future filings by Debtor. This matter is a core proceeding within the jurisdiction of this Court under 28 U.S.C. § 157(b). Pursuant to Federal Rule of Bankruptcy Procedure 7052(a), I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

In his Amended Chapter 13 Plan and Motion filed on June 14, 2004, Debtor proposed paying $779.00 a month for 60 months. However, Debtor failed to make any payments. Also, Debtor did not attend the § 341 Meeting of Creditors that was held on July 19, 2004. Thus, I issued an Order on July 27, 2004, requesting that Debtor show cause

why his case should not be dismissed. In response, Sylvia Denise Kilgore filed a Request to be Heard on August 18, 2004. Kilgore is the former spouse of Debtor and holds a claim of $40,346.83 against him for support and medical expenses pursuant to a Final Order entered on May 18, 2004, in the Superior Court of Richmond County. At the September 21, 2004, hearing and in the Request to be Heard, Kilgore prayed that this Court dismiss Debtor's case with prejudice such that he will be barred from filing a case under title 11 for a period in excess of the 180 days allowed by 11 U.S.C. § 109(g). In support of her position, Kilgore stated that Debtor is a serial filer who has abused the federal bankruptcy system, its courts, and the offices supporting it.

This is Debtor's sixth bankruptcy case. Debtor first filed a Chapter 7 bankruptcy petition (case number 86-11209) in this Court on December 8, 1986, and received a discharge on September 12, 1988. Next, Debtor filed a Chapter 13 bankruptcy petition on July 8, 1991, (case number 91-11209) in the Augusta Division of the Southern District of Georgia. That case was dismissed on November 3, 1993. Debtor again filed for relief under Chapter 13 in Augusta, his third bankruptcy petition, on May 6, 1998, (case number 98-11222). As a result of Debtor's failure to appear, Judge Dalis dismissed that case with prejudice on December 10, 1998, and issued an Order stating that, "any subsequent case under Chapter 13 filed by this Debtor must be accompanied by an affidavit of the Debtor wherein he states under oath that he is current in the filing of all tax returns due as of the date of the bankruptcy filing." Order Dismissing Chapter 13 Case (Dec. 10, 1998). Debtor filed his fourth bankruptcy petition, a Chapter 13, on September 5, 2001,

(case number 01-42654) in this Court. The petition did not include an affidavit stating that Debtor was current in the filing of his tax returns. On September 25, 2001, Trustee filed an Objection to Confirmation while noting that it had received notice that Debtor failed to file tax returns for the years 1996, 1997, 1998, 1999, and 2000. Further, Debtor failed to attend the § 341 Meeting of Creditors. After paying the Chapter 13 Trustee $2,000.00, Debtor became two months delinquent in his payments. Thus, Debtor's fourth case was again dismissed prior to confirmation on March 29, 2002. In his fifth case, Debtor filed a Chapter 13 bankruptcy petition on September 3, 2003, (case number 03-42768). Trustee noted Debtor's failure to file Federal Tax Returns for the years 1998-2002. Trustee's Objection to Confirmation (Oct. 20, 2003). Debtor again failed to attend the § 341 Meeting of Creditors and did not make any payments to the Chapter 13 Trustee. On November 26, 2003, Debtor's case was dismissed with prejudice barring another refiling for 180 days. The current case was filed 184 days after his fifth petition was dismissed.

Debtor did not explain his multiple filings or his failure to attend the § 341 Meeting of Creditors and failure to make any payments to the Chapter 13 Trustee in his current case. Further, he did not protest the dismissal of his current case. Instead, he merely contended that he cannot be enjoined from filing a new bankruptcy case for a period in excess of 180 days. Debtor relies on <u>Frieouf v. United States</u> (<u>In re Frieouf</u>), 938 F.2d 1099 (10th Cir. 1991), for the proposition that 11 U.S.C. § 109(g)[1] is the exclusive means

---

[1] 11 U.S.C. § 109(g) allows a Court to enjoin bankruptcy filings for 180 days when it states that:

Notwithstanding any other provision of this section, no individual or family farmer may be

of enjoining the filing of bankruptcy petitions.

## CONCLUSIONS OF LAW

While 11 U.S.C. §§ 1307(b) and (c) control the procedures for dismissing a Chapter 13 case, 11 U.S.C. § 349 governs the legal effects of a dismissal. Section 349(a) empowers bankruptcy courts to enjoin future filings when it states that:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

However, there is a conflict among courts as to the scope of that empowerment.

The difference of opinion regarding the scope of § 349(a) injunctions involves a matter of statutory interpretation. Specifically, § 349(a) consists of two clauses separated by a semicolon. Courts disagree over whether the semicolon in § 349(a) creates two completely separate clauses or whether the qualifying phrase "[u]nless the court, for

---

a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

cause, orders otherwise" at the beginning of § 349(a) modifies not only the discharge language preceding the semicolon, but also the provision which appears after the semicolon. That is, if the semicolon creates two completely separate clauses and the qualifying phrase "unless the court, for cause, orders otherwise" does not modify the language after the semicolon, courts are limited to § 109(g) in prohibiting bankruptcy case filings. However, if the qualifying phrase "unless the court, for cause, orders otherwise" does modify the language after the semicolon then courts may, for cause, prohibit the filing of any bankruptcy case beyond the limits of § 109(g).

The Tenth Circuit held that the semicolon in § 349(a) creates two completely separate clauses such that bankruptcy filings can be enjoined only for the reasons stated in § 109(g) and not for a period to exceed 180 days. Frieouf, 938 F.2d at 1103. *See also* In re Jones, 192 B.R. 289, 291 (Bankr. M.D. Ga. 1996) (holding that court did not have power to dismiss with prejudice case of dentist who had made multiple filings); In re Samuel, 77 B.R. 520, 523 (Bankr. E.D. Pa. 1987) (multiple filing pattern of four Chapter 13 cases does not fit precisely within § 109(g) thus was not appropriately dismissed).

In contrast, the Second Circuit has stated that the, "use of the word 'nor' [in § 349(a)] implies conjunction between the two clauses." Casse v. Key Bank National Assoc. (In re Casse), 198 F.3d 327, 340 (2nd Cir. 1999) (holding that a case can be dismissed "for cause" in excess of 180 days without violating 109(g)). In reaching its

AO 72A
(Rev. 8/82)

5

holding, the Casse court read § 349(a) in conjunction with 11 U.S.C. § 105(a) to find that a debtor can be barred from refiling for more than 180 days in order to prevent an abuse of the bankruptcy process. Id. at 341. *See also* In re Jones, 289 B.R. 436, 440-1 (Bankr. M.D. Ala. 2003) (barring debtor from refiling for five years); In re Balmer, No. 1:03-BK-19058 E., 2003 WL 22658196, at *4 (Bankr. E.D. Ark. Oct. 10, 2003) (barring debtor from refiling for eight years); In re Robertson, 206 B.R. 826, 831 (Bankr. E.D. Va. 1996) (barring debtor from refiling for 417 days).

In line with the Second Circuit in Casse, I have previously read the qualifying phrase "unless the court, for cause, orders otherwise" in § 349(a) as modifying the language after the semicolon when I held that a court may preclude a debtor from committing an abuse of process by barring the debtor's refiling for some stated period of time under the provisions of § 105(a). Coastal Bank of Ga. v. Archibald (In re Archibald), No. 03-22288, 2004 WL 2181770, at *2 (Bankr. S.D. Ga. Jan. 27, 2004) (§ 349 "preserves a debtor's right to refile a case 'unless the court, for cause, orders otherwise . . . '").

Reading § 349(a) as limiting a court's ability to enjoin the filing of bankruptcy petitions to § 109(g) creates an unintended restriction on the power of bankruptcy courts. Section 109(g) allows a court to enjoin the filing of future bankruptcy petitions for a period not to exceed 180 days under only two, limited circumstances.[2]

---

[2] 11 U.S.C. § 109(g) allows courts to enjoin future filings if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case. 11 U.S.C. § 109(g)(1). In addition, courts can enjoin future filings if the debtor

However, it will not prevent a debtor acting in bad faith, a serial filer, or a debtor who is ineligible for relief under Chapter 13 from filing a bankruptcy petition and obtaining the temporary benefit of an automatic stay ad infinitum. Congress noted, though, that § 109(g) was added to the Bankruptcy Code to "provide the court with greater authority to control abusive multiple filings." S.Rep. No. 65, 98th Cong. 1st Sess. 74 (1983). For this reason the Casse court stated that "it is perverse to construe the section as striking from the courts' hands other sections of the Code which may remedy the same problem." 198 F.3d at 340. Because § 109(g) was created to augment, not limit, a court's ability to prohibit future filings, I reaffirm my holding in Archibald that § 109(g) is not the exclusive means of prohibiting future filings by a debtor.

Debtor has argued that barring him from refiling his petition for more than 180 days would presume future bad faith and that this Court lacks any basis for making such a prediction. Instead, Debtor contends that the issue of bad faith must be determined at the time of the future filing. I agree that I cannot predict Debtor's future behavior. However, Debtor's actions or, more specifically, lack of action in this and prior bankruptcy cases warrants more than just a dismissal of his current case for 180 days. First, Debtor has filed his last three bankruptcy petitions in contravention of Judge Dalis' order that any petition be accompanied by a sworn affidavit declaring that Debtor is current in the filing of all tax returns. Second, Debtor has undertaken successive filings while making no

---

requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay. 11 U.S.C. § 109(g)(2).

apparent attempt at actual financial rehabilitation.[3] Debtor's current petition is his fourth in just over six years. Further, his last two cases have been dismissed after he failed to make any payments or attend the § 341 Meeting of Creditors.

Section 105(a)[4] empowers bankruptcy courts to take any action or make any determination necessary or appropriate to carry out other provisions of the Code or to prevent an abuse of process. In reaching my current holding I am mindful that the broad equitable powers of § 105 should be used sparingly. However, Debtor's attempted abuses of the bankruptcy system in this instance have been so egregious that I find it necessary to invoke § 105(a) in conjunction with § 349 in order to prevent any future abuse by Debtor.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtor is barred from refiling any case under Title 11 for a period of three years after the

---

[3] While serial filings are not per se prohibited, they can amount to an abuse of the provisions, purpose, and spirit of Chapter 13. Serial filings result in a continuing reimposition of the automatic stay which prohibits a creditor from exercising its rights against a debtor's collateral. In addition, serial filings can increase the burden on an already congested bankruptcy court. If a debtor is allowed to repeatedly file petitions while making little or no effort to comply with the terms of their proposed Chapter 13 plan, the debtor makes a mockery of the bankruptcy system. These facts have led one to court to describe serial filers as the "Hannibal Lecters of current bankruptcy litigation." Casse v. Key Bank National Assoc. (In re Casse), 198 F.3d 327, 332 (2nd Cir. 1999).

[4] 11 U.S.C. § 105(a) provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

entry and finality of this Order, unless Debtor petitions this Court for, and obtains, an Order reducing this period, after notice and a hearing.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 15th day of December, 2004.